UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS FLORER,

Plaintiff,

v.

DEVON SCHRUM, BRANDY JONES,
CARLA SCHETTLER, ALAN
WALTER, RICH MOSS, STEVE
SUNDBERG, RON KNIGHT, CHRIS
BOWMAN, STEVE SINCLAIRE,
STEVE BARKER, ALAN KUNZ, JOHN
CAMPBELL, WILL PAUL, S.
SUKERT, KURT GRUBB, CANDICE
GERMOAU, JULIE SMITH, SANDY
DIIMMEL, AL MOSLEY, MILES
LAWSON, RON FRAKER, JOHN
OYEN, DREW WALTMAN, GARY
PIERCE, MARK KUCZA, DON
HOLLBROOK, GERMAINE BENSON,
LINDA BELANGER, ELDON VAIL,
LAURA WYCKOFF-MEYER,
GUSTAVE MEZA, ALAN
ROOKSTOOL, EDUARDO MICHEL,
(FNU) DANIEL, LORI SCAMAHORN,
and JOHN DOES 1-2,

Defendants.

No. C11-5135 BHS/KLS

**REPORT AND RECOMMENDATION**
**Noted for:  August 12, 2011**

Before the Court is Plaintiff's "Motion for This Case Files."  ECF No. 51.  Having

carefully reviewed the motion, Defendants' opposition (ECF No. 54), Plaintiff's Reply (ECF No.

56), and balance of the record, the Court finds that the motion should be denied.

REPORT AND RECOMMENDATION- 1

**FACTS**

On April 27, 2011, Plaintiff was transferred from the Washington State Penitentiary (WSP). He arrived at the Monroe Correctional Complex (MCC) on May 2, 2011. ECF No. 54, Exh. 1 (Declaration of Michael R. Meyer, Sergeant).

Pursuant to DOC Policy 440.020, Transfer of Offender Property, when an offender is transferred from one facility to another the DOC will transport at State expense two shipping boxes that do not exceed 25 pounds per box. The policy also states that offenders will arrange for the shipping of their excess property, at their own expense, prior to leaving the facility. DOC Policy 440.000(X)(C). All personal property, including legal documents/papers not needed to meet a court imposed deadline, that exceeds the two-box limit or the additional Superintendent-authorized limit must be shipped at the offender's expense. Offenders have ninety (90) days from the date of transfer to arrange for the shipping, at offender expense, of all excess property. If an offender fails to arrange for the shipment of excess property, at his own expense, the property will be declared abandoned and will be disposed of. ECF No. 54, Exh. 1 (Meyer Decl.), ¶ 2, pp. 1-2; DOC Policy 440.020.

Sergeant Meyer, who manages the WSP offender property room (and is not a party to this lawsuit), states that he is familiar with Plaintiff as he was housed at WSP. He states that prior to Plaintiff's transfer, he and a property officer went through all of Mr. Florer's legal boxes at Mr. Florer's request. Mr. Florer made a box of needed legal materials and those were shipped with Mr. Florer as part of the two boxes allowed per DOC policy when Mr. Florer left WSP on April 27, 2011. After a brief stay at the Washington Corrections Center (WCC), Mr. Florer arrived at MCC on May 2, 2011. ECF No. 54, Exh. 1 (Meyer Decl.), ¶ 3, p. 2.

REPORT AND RECOMMENDATION- 2

In addition to the two boxes of property transferred with Mr. Florer at no expense to him, Mr. Florer had acquired 21[1] additional boxes of property including legal materials which have yet to be transferred. Pursuant to RCW 72.02.045(3), Plaintiff was sent notice from the WSP property room informing him that he had insufficient funds to pay for the transfer of property and that therefore, Plaintiff would need to send a money order for $440.00 to pay for the shipping of his property (shipping costs estimated at $20 per box). *Id.*, ¶ 5. Sergeant Meyer states that since the time of the original notice sent to Plaintiff, the rates were adjusted. Plaintiff was sent an Amended 90 Day Notice indicating that the cost of shipping of the 22 boxes is $253.60. *Id.*, Exh. B (90 Day Notice dated June 1, 2011).

Mr. Florer does not dispute that he is obligated to incur the costs associated with the shipment of his personal property. However, he asserts that the original estimated cost of $440.00, and the amended cost of $253.60, do not truly reflect the cost of shipment. He states that these same boxes were shipped in November 2010 at a cost of $230.00 and in March 2011 shipment of the same boxes cost only $146.18. ECF No. 52 (Declaration of Dennis Florer).

Mr. Florer alleges that now that Superintendent Sinclair "and his cronies" have been served with this lawsuit, Defendant Sinclair has refused to ship the case files in retaliation. ECF No. 51, p. 4.

**B.     Relief Requested**

Mr. Florer seeks the following preliminary injunctive relief:

1.      An Order directing Defendant Sinclair to provide an authentic UPS cost estimate for the asserted $440.00.

---

[1] Both Mr. Meyer and Mr. Florer refer to 21 boxes of personal property, but the shipping rate of $20 per box at a total cost of $440.00 would be for 22 boxes. The Amended 90 day notice also refers to 22 boxes. Plaintiff also refers in his motion to "21 boxes pending legal documents and 1 box personal property." ECF No. 51, p. 5.

REPORT AND RECOMMENDATION- 3

2.      An Order directing Defendant Sinclair to ship "this case file" and Plaintiff will incur a legitimate shipping cost debt.

3.      Hold the status quo by not destroying any of Plaintiff's 21 boxes pending legal documents and 1 box personal property pending the filing of an amended complaint alleging claims of retaliation for review and consideration by the court.

ECF No., 51, p. 5.

## DISCUSSION

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc. (NRDC)*, ---U.S. ----, ----, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008) (*citing Munaf v. Geren*, 553 U.S. 674, 128 S.Ct. 2207, 2218-19, 171 L.Ed.2d 1 (2008)). This is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 376. Moreover, Plaintiff must show more than a mere "possibility" of irreparable harm, but instead must "demonstrate that irreparable injury is likely in the absence of an injunction." *Id*. at 375 (emphasis and citations omitted).

Mr. Florer has made no showing that he is entitled to the extraordinary relief he requests in his motion. As noted above, Mr. Florer does not dispute that he is required to pay the costs associated with the shipment of his property. Further, Mr. Florer's attempts to characterize the 22 boxes as "this case file" or 21 of the 22 boxes as "pending legal documents" are without factual basis. He does not dispute that prior to his transfer, a WSP property officer met with him, at Mr. Florer's request, and that Mr. Florer made a box of needed legal materials and those were shipped with Mr. Florer as part of the two boxes allowed per DOC policy when Mr. Florer left WSP. Even assuming that there are materials contained in the 22 boxes that are necessary for the

REPORT AND RECOMMENDATION- 4

proper prosecution of this case, Mr. Florer has identified no such materials.  He does not dispute

that he must pay for the shipment of his property.  He only disputes the cost.  His concerns about

cost and allegations that Defendant Siclair is retaliating against him by not shipping his property

at a certain rate, are more appropriately addressed through WSP's internal grievance system.

Plaintiff fails to show that WSP either lacks an internal grievance system or that he properly

exhausted his internal administrative remedies to no avail.  Accordingly, there is also no basis for

the filing of an amended complaint alleging claims of retaliatory conduct related to the shipment

of Mr. Florer's personal property.

**CONCLUSION**

For the foregoing reasons, the undersigned recommends that the Court **deny** Plaintiff's

motion for preliminary injunction (ECF No. 51).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure

(Fed. R. Civ. P.), the parties shall have fourteen (14) days from service of this Report to file

written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of

those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating

the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on

**August 12, 2011**, as noted in the caption.

**DATED** this  19th  day of July, 2011.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION- 5