1

2

3

4          UNITED STATES DISTRICT COURT
       WESTERN DISTRICT OF WASHINGTON
5                  AT TACOMA

6    DENNIS FLORER,

7                            Plaintiff,

8          v.

9    DEVON SCHRUM, BRANDY JONES,          No. C11-5135 BHS/KLS
     CARLA SCHETTLER, ALAN WALTER,
10   RICH MOSS, STEVE SUNDBERG, RON       **ORDER REGARDING PLAINTIFF'S**
     KNIGHT, CHRIS BOWMAN, STEVE          **MOTIONS TO COMPEL (ECF NOS. 70,**
11   SICLAIRE, STEVE BARKER, ALAN         **71, and 72) AND CONTINUING**
     KUNZ, JOHN CAMPBELL, WILL PAUL,      **DISPOSITIVE MOTIONS DEADLINE**
12   S. SUKERT, KURT GRUBB, CANDICE       **(ECF No. 76)**
     GERMOAU, JULIE SMITH, SANDY
13   DIIMMEL, AL MOSLEY, MILES
     LAWSON, RON FRAKER, JOHN OYEN,
14   DREW WALTMAN, GARY PIERCE,
     MARK KUCZA, DON HOLLBROOK,
15   GERMAINE BENSON, LINDA
     BELANGER, ELDON VAIL, LAURA
16   WYCKOFF-MEYER, GUSTAVE MEZA,
     ALAN ROOKSTOOL, EDUARDO
17   MICHEL, (FNU) DANIEL, LORI
     SCAMAHORN, and JOHN DOES 1-2,
18
19
                             Defendants.
20

21          Before the Court are Plaintiff's motions to compel discovery.  ECF Nos. 70, 71, and 72.

22   Also before the Court is Defendants' motion to extend the dispositive motions deadline.  ECF

23   No. 76.  Having reviewed the motion, Defendants' opposition (ECF No. 73), and balance of the

24   record, the Court finds and **ORDERS**:

25

26

     ORDER - 1

**BACKGROUND**

This matter is proceeding on Plaintiff's Amended Complaint.  ECF No. 44.  Plaintiff is suing several Department of Corrections employees of the Washington Corrections Center (WCC) and Clallam Bay Corrections Center (CBCC) for violation of his due process, First and Eighth Amendment rights, and for retaliation.  Facts relevant to Plaintiff's claims are discussed in more detail below as they relate to his specific discovery requests.

On September 26, 2011, Defendants received Plaintiff's "Discovery Request No. 1" addressed to thirty-five Defendants.  Defendants responded on October 18, 2011.  ECF No. 73-1 (Declaration of Mikolaj T. Tempski).  Also on September 26, 2011, Defendants received Plaintiff's "Discovery Request No. 2" addressed to nineteen Defendants.  Defendants responded on October 21, 2011.  On November 22, 2011, Defendants received Plaintiff's "Supplemental Discovery Request No. 2" addressed to seventeen Defendants.  Defendants responded on December 22, 2011.  *Id.*   The parties conferred on January 9, 2012.  Plaintiff filed his motions to compel on January 26, 2012.  ECF Nos. 70, 71, and 72.

**DISCUSSION**

**A.     ECF No. 70 – RFP No. 1**

In this motion, Plaintiff asks for an order compelling the Defendants to produce documents at their expense.  The request for production at issue asked each of the Defendants to produce records relating to their job duties, responsibilities, and written job descriptions for the years 2009 through 2011.  *See e.g.,* ECF No. 70, p. 4 (Request No. 1 to B. Jones).  Defendants did not object to the production, but asked that Plaintiff pay for the production at a rate of 10 cents per page (which can be debited to Plaintiff's institutional account).  *Id.*  Defendants also state in their response that the documents are available in electronic format and Plaintiff has been

ORDER - 2

1  informed of this on numerous occasions.  Plaintiff is also welcome to have the documents

2  inspected by a representative.  ECF No. 73, p. 3.  Instead, Plaintiff asks the Defendants to obtain

3  the records, copy them and mail them to him at Defendants' expense.  *Id.*

4          Fed. R. Civ. P. 34(a) requires the producing party to make the relevant production

5  available so that the party making the request may "inspect, copy, test or sample" any designated

6  documents.  By offering to provide the documents in electronic format, making them available

7  for inspection by a representative, or offering them in hard copy at cost, Defendants have met

8  their obligation under the rule.  There is nothing in Rule 34(a) that requires Defendant to pay for

9  

10  the cost of the production.   Plaintiff's indigent status does not dictate a contrary finding.  He

11  remains responsible for prosecuting his case and for funding his litigation.  *See, United States v.*

12  *MacCollom*, 426 U.S. 317, 321, 96 S. Ct. 2086, 2089, 48 L. Ed. 2d 666 (1976) ("the expenditure

13  of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress

14  ..."].  The *in forma pauperis* statute, 28 U.S.C. § 1915 provides for the payment of filing fee and

15  service of process only.  In *Silva v. Di Vittorio*, 658 F.3d 1090 (9th Cir. 2011), the Ninth Circuit

16  reiterated the limited role of prison authorities in assisting prisoners with their litigation.  Prison

17  authorities are only required to assist inmates in the preparation and filing of meaningful legal

18  papers by providing prisoners with adequate law libraries or adequate assistance from persons

19  trained in the law. *Silva*, 658 F.3d at 1102 (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)).

20  The Court further held that this assistance is only limited to the pleading stage.  *Id.* (citing *Lewis*

21  *v. Casey*, 518 U.S. 343, 384 (1996)).

22  

23  

24          Accordingly, Plaintiff's motion to compel the production of these documents at

25  Defendants' expense (ECF No. 70) is **Denied.**

26  

ORDER - 3

**B.      ECF. No. 71**

    **(1)      S. Sinclair – RFP No. 1(Field Instruction Manual 320.255); P. Daniel – RFP No. 1 (Duty Roster); J. Smith and S. Diimmel – RFP No. 1 (Custody Facility Plan for Inmate Anthony Clemons); L. Scamahorn – RFP No. 1 (Plaintiff's Grievance History); J. Campbell – RFP No. 1 (E-File); W. Paul – RFP No. 1 (Segregation Authorization Forms); L. Wycoff-Meyer – RFP No. 1 (Shower Schedule)**

Plaintiff requests an order directing Defendants to produce these documents at Defendants' expense.  As discussed above, this is not an appropriate request.  Plaintiff's motions to compel the production of these documents at Defendants' expense is **Denied.**

    **(2)      J. Smith and S. Diimmel – RFP No. 2 (Administrative Segregation Reviews, October – November 2010 for each Aryan Family prison gang member)**

Plaintiff alleges that in March of 2011, Defendants transferred him to WSP's gang unit even though they knew of the high level of violence that existed therein and knowing that he would be assaulted.  ECF No. 44, pp. 18-19.  He claims that Defendants made this transfer in retaliation for his "historic filings of about 200 grievances and 7 lawsuits since 2004 against WSP and CBCC prison employees."  *Id.*  On March 6, 2011, Plaintiff alleges that he was assaulted by a WSP gang unit inmate while WSP guards Wyckoff-Meyer, Meza, Rookstool, Michel, Daniel, and two John Does failed to prevent the assault.  *Id.*, p. 19.  Plaintiff alleges that the assault took place in front of the unmanned officer's station on the east side of F gang unit and that there was no guard within the east side of the unit either prior to or during the assault. *Id.*

Plaintiff argues that "the Administrative Segregation Reviews from October – November 2010 for each Aryian (sic) Family prison gang member" is relevant because he alleges he was assaulted by members of the gang at WSP and that they will prove knowledge of an alleged "hit" against Plaintiff and support his retaliation claims.  *Id.*  Defendants argue that the broad nature

ORDER - 4

1   of the information requested is not reasonably calculated to produce relevant information.  ECF

2   No. 73, p. 5.

3          It is unclear how the segregation reviews of every gang member in the gang unit during

4   the months of October and November, over four months *before* Plaintiff was assaulted are

5   relevant to his claim that Defendants failed to protect him from the assault by Inmate Zachery

6   Grisby.  In addition, Defendants have made available to Plaintiff the custody facility plan of

7   Inmate Clemons.  ECF No. 71, p. 22.  Plaintiff believes it was Inmate Clemons who ordered the

8   assault on Plaintiff.  *Id.*, p. 21.    Thus, Plaintiff's request to compel further response from

9   Defendants on this request is **Denied.**

10

11         **(3)     G. Pierce – RFP No. 1 – DVD Evidence Case No. 211-177, Evidence Locker
                     No. 34**

12

13         Plaintiff moves for an order compelling Defendants to produce the surveillance video to

14  show that there were no corrections officers at their post when he was assaulted.  ECF No. 71,

15  pp. 6-10.  Defendants object on the grounds that the disclosure may jeopardize the safety and

16  security of the institution.  Defendants rely on *Gaither v. Anderson,* 236 F.3d 817 (7th Cir. 2000)

17  and *Chavis v. Rowe,* 643 F.2d 1281 (9th Cir. 1981).   Defendants do not explain what specific

18  safety or security concerns are will be implicated with the production of the video requested by

19  Plaintiff in this case.  Their objection is a generic objection and does not provide any specific

20  security concerns regarding the specific request made herein.

21         Plaintiff's discovery request is relevant to his claims that he was assaulted in front of an

22  unmanned officers' station and that there were no corrections officers in the unit before or during

23  the assault.  Plaintiff's motion to compel the production of this video is **Granted.**

24

25

26

ORDER - 5

1    **C.      ECF No. 72 – Motion to Compel Supplemental Discovery Request No. 2**

2         **(1)      S. Diimmel - Interrogatory No. 1**

3         Plaintiff objects to Defendant Diimell's answer to this interrogatory because it states that

4    the names listed were not placed in Ad Seg "for being Aryan Family prison gang members"

5    when Plaintiff seeks to have Defendant Diimell answer whether he approved retention of

6    numerous Aryan Family prison gang members (such as the names listed) in Ad Seg in or about

7    November 2010.

8

9         Defendant Diimel's answer is unresponsive and the interrogatory is not vague.  Plaintiff's

10   motion to compel further answer to this interrogatory is **Granted.**

11        **(2)      J. Smith - Interrogatory No. 2 – Approval of Retention of Ad Seg**

12        Plaintiff objects to Defendants' response to this interrogatory because they responded

13   with a job title and not a specific name.  Because Plaintiff failed to provide a time frame for his

14   question, the Court finds that Defendants' response is not unreasonable.  However, it is

15   reasonable to provide the name of such individual who had that responsibility as of March 6,

16   2011.  Therefore, Plaintiff's motion to compel further response to this interrogatory is **Denied in**

17   **part and Granted in part.**

18        **(3)      J. Campbell –Interrogatory No. 4 – Transfer Process**

19        In an earlier interrogatory to Defendant Campbell, Plaintiff asked:  "You knew in about

20   August 2010 by viewing Florer's electronic file that there was in effect or recently had been in

21   effect [a] Facility Prohibition at CBCC, correct?"  ECF No. 71, at 39.  Defendant Campbell

22   objected that the interrogatory assumed facts not in evidence and answered: "Without waiving

23   the above objection, I became aware during the transfer process."  *Id.*

24

25

26

ORDER - 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

In his Supplemental Discovery Request No. 2, Interrogatory No. 4 Plaintiff asked Defendant Campbell, "[a]s to Discovery Request No. 2 interrogatory No. 5, what is the "transfer Process"?  ECF No. 72, p. 21.  In response, Defendant Campbell stated "[p]er DOC Policy 300.380, Offenders are assigned and transferred to facilities to address risk and to balance the overall needs of the offender, the community supports, and the Department based on custody and security needs." *Id.*

Plaintiff objects to this response because it merely parrots the DOC policy and does not provided the definition of offender transfer found at DOC Policy 300.380.   ECF No. 72, p. 21. Plaintiff objects to this response as unresponsive because it simply parrots the policy.  *Id.*

Plaintiff's interrogatory was clearly linked to Defendant Campbell's earlier response which referred to Plaintiff's transfer in August 2010.  Plaintiff's motion to compel further answer to this interrogatory regarding Defendant Campbell's knowledge of the transfer process as it related to Plaintiff is **Granted.**

(4)     **J. Campbell - Interrogatory No. 5 – Facility Prohibition**

Plaintiff requested Defendant Campbell to identify when "in the transfer process" that he became aware of the CBCC Facility Prohibition.  ECF No. 72, p. 21.  Defendant Campbell answered that he "became aware during the transfer process; however, based on documentation in the electronic file I believe the Facility Prohibition had expired in September 2009."  *Id.* Plaintiff believes that this answer is unresponsive because when Defendant thinks the prohibition may have expired is not relevant to whether Defendant should have approved Plaintiff's transfer. ECF No. 72, p. 6.

ORDER - 7

1    Plaintiff's motion to compel further response to this interrogatory is **Granted.**  Defendant

2    Campbell should provide a more specific answer as to when during the transfer process he

3    became aware that a facility prohibition existed.

4    **(5)    Meza – Interrogatory No. 2**

5    Plaintiff asked whether the "East side of Gang Unit Fox is secured from the West side"

6    and Defendant Meza answered "this is incorrect as each side of the unit has a unit booth officer

7    which has two officers in the booth, one for each side."  ECF No. 72, p. 24.  Plaintiff argues that

8    this answer is unresponsive as the question is whether or not each side of the gang unit is

9    secured, not whether there are guards in the guard booths.  ECF No. 72, p. 7.  Plaintiff also

10   argues that this information is relevant to whether the guards are liable for leaving inmates on the

11   east side of the unit unsupervised.  *Id.*  However, Plaintiff did not ask whether the east side of

12   Gang Unit Fox was unsupervised on a particular day or at a particular time.  It appears the

13   Defendant answered the question asked.  Plaintiff's motion for further response from Defendant

14   to this interrogatory is **Denied.**

15   **(6)    W. Paul – Interrogatory No. 1** – **Retention of Aryan Family Inmates**

16   Plaintiff requests the name of the individual at CBCC who approved the retention of

17   Aryan Family prison gang members in Ad Seg during October – December 2010.  Plaintiff

18   provided clarification of what he meant by the word "retained" as the word is used by

19   Defendants on their own forms.  ECF No. 72, p. 8.

20   Plaintiff's motion to compel further response from Defendant Paul of this interrogatory is

21   **Granted.**

ORDER - 8

**(7)    S. Sinclair – Interrogatory No. 1 – "Gang Related" Assaults in Delta, Fox, Echo, Golf in 2011**

Plaintiff claims that this information is relevant as it goes to Defendants' objective and subjective knowledge of the number of assaults and Defendants' action of leaving the inmates unsupervised and their inaction of having procedures that would require not leaving inmates unsupervised.  ECF No. 71, p. 12.  Defendants object that the request is overbroad and extremely burdensome because it would require them to locate, hand search, read and tally nearly 1,000 incident reports.  ECF No. 73, p. 8.

The assault on Plaintiff occurred in E Unit on March 6, 2011.  Thus, it is unclear what relevance "gang related" assaults occurring in 2011 *after* the assault on Plaintiff in units other than E Unit has to Defendants' conduct in leaving him unsupervised.  However, assaults at E Unit for the period in 2011 leading up to the assault may be relevant to Plaintiff's claims and Plaintiff is entitled to this information.  Therefore, Plaintiff's motion to compel further response to this information is **Granted as to E Unit from January 2011 to March 6, 2011.**

Accordingly it is **ORDERED:**

(1)    Plaintiff's motion to compel further response from Defendants (ECF No. 70, 71, 72) are **GRANTED** and Defendants shall produce the following documents or demonstrate with factual support that they are incapable of obtaining responsive documents **on or before April 20, 2012:**

(a)    DVD Evidence Case No. 211-177, Evidence Locker No. 34.

(b)    ECF No. 72 – Interrogatory No. 1 to S. Diimmel (retention of Aryan Family inmates in Ad Seg)

(c)    ECF No. 72 – Interrogatory No. 4 to J. Campbell (transfer process)

(d)    ECF No. 72 – Interrogatory No. 5 to J. Campbell (facility prohibition)

ORDER - 9

(e)     ECF No. 72 – Interrogatory No. 1 to W. Paul (name of individual who approved retention of Aryan Family inmates in Ad Seg)

(f)     ECF No. 72 – Interrogatory No. 1 to S. Sinclair ("Gang Related" Assaults in E Unit from March 2010 to March 2011)

Plaintiff's motions to compel (ECF Nos. 70, 71, and 72) are **DENIED in all other respects.**

(2)     Plaintiff's motions to compel (ECF Nos. 70, 71, and 72) are **DENIED insofar** as they seek to compel the production of documents at Defendants' expense.

(3)     Defendants' motion to continue the dispositive motions deadline (ECF No. 76) is **GRANTED.**  The dispositive motions deadline shall be continued until **June 29, 2012.**

(4)     The Clerk shall send copies of this Order to Plaintiff and counsel for Defendants.

**DATED** this  19th  day of March, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER - 10