UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS FLORER,

                  Plaintiff,

  v.

DEVON SCHRUM, BRANDY JONES, CARLA SCHETTLER, ALAN WALTER, RICH MOSS, STEVE SUNDBERG, RON KNIGHT, CHRIS BOWMAN, STEVE SICLAIRE, STEVE BARKER, ALAN KUNZ, JOHN CAMPBELL, WILL PAUL, S. SUKERT, KURT GRUBB, CANDICE GERMOAU, JULIE SMITH, SANDY DIIMMEL, AL MOSLEY, MILES LAWSON, RON FRAKER, JOHN OYEN, DREW WALTMAN, GARY PIERCE, MARK KUCZA, DON HOLLBROOK, GERMAINE BENSON, LINDA BELANGER, ELDON VAIL, LAURA WYCKOFF-MEYER, GUSTAVE MEZA, ALAN ROOKSTOOL, EDUARDO MICHEL, (FNU) DANIEL, LORI SCAMAHORN, and JOHN DOES 1-2,

                  Defendants.

No. C11-5135 BHS/KLS

ORDER GRANTING EXTENSION OF PRETRIAL DEADLINES

Before the Court is Plaintiff's Motion for Extension of Time to Complete Discovery. ECF No. 92. Defendants are opposed to the motion. ECF No. 94, at 3.

**BACKGROUND**

All discovery was to be completed in this case by January 6, 2012. ECF No. 61. The Court extended that deadline to January 26, 2012. ECF No. 74. Plaintiff was granted leave to

ORDER- 1

amend his complaint for a second time on March 29, 2012.  ECF No. 86.  He added Eric Jackson as a defendant.  ECF No. 84.

On April 24, 2012, Plaintiff mailed Discovery Request No. 2 to E. Jackson and Second Supplement to Discovery Request No. 2 to D. Schrum.  ECF No. 94, at 2.  However, because the requests were made after the discovery deadline had already passed, counsel for Defendants returned them to Plaintiff with an explanation letter.  *Id.*  Plaintiff now asks the Court to re-open discovery for sixty days so that he may re-send these interrogatories and file motions to compel, if necessary.  ECF No. 92.  Defendants oppose the motion because Plaintiff has shown no good cause for the delay.  Alternatively, they propose that discovery be opened for the limited purpose of allowing a single set of interrogatories directed to Defendant Jackson and that the other pretrial deadlines be extended accordingly.

## DISCUSSION

A scheduling order may only be modified for good cause and with the Court's consent.  Fed. R. Civ. P. 16(b)(4).  The stringent requirement of Fed. R. Civ. P. 16(b)'s "good cause" standard considers the diligence of the party seeking the amendment.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "Good cause" for modification of pretrial order's scheduling deadline means that scheduling deadlines cannot be met despite the diligent efforts of the party seeking the extension; carelessness is not compatible with finding of diligence and offers no reason for grant of relief.  *Id.; Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted).

Plaintiff has not shown any reason why he did not pursue the requested discovery of Defendant Shrum earlier.  He cannot assert that he was diligent in meeting the scheduling

ORDER- 2

deadline when he took no action for months after the close of discovery, with no explanation. However, because he was allowed to amend his complaint to add Defendant Jackson, he should be allowed to request discovery from Defendant Jackson.

Accordingly, it is **ORDERED:**

(1)   Plaintiff's motion (No. 92) shall be **granted in part and denied in part.** Plaintiff's motion is **Denied** as to his request to send additional interrogatories to Defendant Schrum; the motion is **Granted** as to Plaintiff's request to send interrogatories to Defendant Jackson.

(2)   The pre-trial deadlines in this case are **re-set** as follows:  Discovery (limited to Defendant Jackson) shall be completed by August 17, 2012; Dispositive Motions shall be filed by October 19, 2012; the parties shall file their Joint Status Report by January 18, 2013.

(3)   The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

**DATED** this  18th  day of June, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER- 3